UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:16-cr-00048-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Dennis Boyle, | |
| Defendant. | |

For the second time, defendant Dennis Boyle moves for compassionate release in accordance with 18 U.S.C. § 3582(c)(1)(A)(i). Proceeding pro se, defendant argues the Bureau of Prisons' (BOP) inadequate attention to his medical needs, COVID-19, overcrowding, understaffing and lack of adequate ventilation all warrant compassionate release. For the reasons below, the motion is **denied.**

I.    BACKGROUND

Following Mr. Boyle's entry of a guilty plea to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), Mins. Change of Plea Hr'g, ECF No. 46, this court sentenced him to a term of imprisonment of 84 months, with 240 months of supervised release and a restitution payment of $28,346.80, Mins. Sent'g, ECF No. 68. Much of the underlying conduct took place in defendant's home via the internet. Prior Order at 2, ECF No. 94; *see also* Presentence Investigative Report (PSR) ¶¶ 5–16, ECF No. 61. Due to the aggravating

1  circumstances of the offense, including defendant's online communications with a minor and
2  efforts to recruit a third party in helping destroy evidence, the probation officer recommended a
3  sentence of 240 months. *See id.* at 18–20 & ¶¶ 20, 24–37; *see also* Sent'g Statement of Reasons,
4  ECF No. 70.  While noting the significant aggravating factors, the court relied on defendant's
5  lack of prior criminal history, the substantial support he continued to receive from his wife, his
6  honorable discharge from the U.S. Navy and the absence of evidence indicating he engaged in
7  inappropriate physical contact with a minor to vary downward to sentence him in a manner that
8  the court deemed avoided unwarranted disparities in sentencing.  Sent'g Statement of Reasons.

9  A year later, and in a separate case, defendant was sentenced in the District of Wyoming
10 on related conduct after pleading guilty to two counts of sexual exploitation of children under
11 18 U.S.C. § 2251(a) and (e).  Opp'n at 4, ECF No. 98; *see* J. & Commitment, *United States v.*
12 *Boyle*, No. 18-00005 (D. Wyo. June 12, 2018), ECF No. 40.  In that case, he received a sentence
13 of 164 months on each count with lifetime supervised release.  J. & Commitment.  The court
14 ordered his sentences to be served concurrently, for a total of 164 months.  *Id.*  Defendant has
15 served approximately 72 months thus far, which is less than half of his total sentence.  Opp'n at
16 5.

17 In 2020, defendant moved for compassionate release, which this court denied.  *See* Prior
18 Order.  The court found defendant did not meet his burden of showing he would not be a danger
19 to the community.  *Id.* at 7.  The court assumed, but did not decide, that defendant's health
20 conditions, a positive test for COVID-19 and circumstances at the facility where he was housed
21 weighed in favor of compassionate release at that time.  *Id.* at 5.

22 Defendant now moves again for compassionate release.  Mot., ECF No. 95.  Defendant
23 asserts BOP's inadequate attention to his medical needs, COVID-19, overcrowding at the facility,
24 understaffing and lack of adequate ventilation constitute extraordinary and compelling reasons to
25 warrant a reduced sentence.  *Id.* at 1.  The government opposes.  Opp'n.  Defendant has replied.
26 Reply, ECF No. 102.

## LEGAL STANDARD

27 In general, district courts "may not modify a term of imprisonment once it has been
28 imposed." 18 U.S.C. § 3582(c).  However, in exceptional circumstances, the court can modify

2

the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *Id.* A defendant must first exhaust administrative remedies. *Id.* If a defendant has exhausted administrative remedies, the analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *Id.*

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, including serious medical conditions of the defendant "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1. Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

**III.   ANALYSIS**

The parties do not dispute defendant's exhaustion of administrative remedies as required by § 3582(c). *See* Mot. at 18; Opp'n at 5. Thus, the remaining questions before the court are whether: 1) defendant's request is supported by "extraordinary and compelling" reasons, and 2) the relevant § 3553(a) sentencing factors weigh in favor of a reduction in sentence.

A.     **Extraordinary and Compelling Reasons**

Defendant cites five related reasons in support of his motion: 1) inadequate attention to his medical needs, 2) COVID-19, 3) overcrowding, 4) understaffing, and 5) lack of adequate ventilation. Defendant explains he suffers from multiple health conditions including hypertension, sleep apnea, atrial fibrillation, COVID pneumonia, diabetes, polyneuropathy, obesity and glaucoma. *See* Mot. at 2–8, 12. Specifically, defendant argues the inadequate attention to his medical needs has been exacerbated and exemplified by the delays in medical care and chronic understaffing of BOP personnel. *See id.* at 2–11, 16. Additionally, despite being "fully vaccinated with one booster shot," defendant claims his underlying medical conditions make him particularly vulnerable to COVID-19. *Id.* at 12. Defendant also argues Federal Medical Center Fort Worth ("FMC Fort Worth"), where he is currently housed, is an old, overcrowded and poorly ventilated prison, which exacerbates the risk of COVID-19 and other diseases. *Id.* at 12–16. The court finds these reasons do not support a reduction in sentence.

While terminal medical conditions and conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may constitute "extraordinary and compelling reasons" under the guideline commentary, U.S.S.G. § 1B1.13 cmt. 1, defendant does not meet either of these two factors. First, defendant does not argue he has any terminal medical conditions. Second, defendant has not shown his ability to provide self-care in FMC Fort Worth has been substantially diminished. Defendant's BOP medical records show he is currently being treated for his medical conditions. *See generally* Mot. Exs. 1, 3–8, 10–11, 17–18, 20–25, 38; BOP Medical Records, ECF No. 101-1 (under seal).

District courts "may not modify a term of imprisonment once it has been imposed," unless it finds "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c). Compassionate release is reserved for rare and extraordinary cases. While defendant argues there are delays in medical care and the medical care he does receive is inadequate, dissatisfaction with his medical treatment alone does not amount to extraordinary and compelling reasons to justify a reduced sentence. *See, e.g., United States v. Weidenhamer*, No. 16-1072, 2019 WL 6050264, at *5

(D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. Miller*, No. 15-00471, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021) (same).

      Defendant's arguments about the risks of COVID-19 also are insufficient to warrant extraordinary relief. Defendant says he is particularly vulnerable to COVID-19 due to his underlying health conditions, noting he has previously experienced side effects of a COVID-19 infection. Mot. at 14. However, defendant admits he is fully vaccinated for COVID-19 and has received a booster. *Id.* at 12. When a defendant is vaccinated, this court and others have employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *See United States v. Smith*, 538 F. Supp. 3d 990, 999 (E.D. Cal. 2021). A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination. *Id.*

      Here, defendant has not shown the vaccines he has received and his prior recovery from COVID-19 with some resulting immunity will not protect him from severe harm, nor has he provided evidence of a surge in infections at FMC Fort Worth. The BOP currently reports 0 active inmate cases of COVID-19, 0 staff active cases, 18 inmate deaths and 493 inmates recovered at FMC Fort Worth at the time of this order.[1] Additionally, the facility is currently operating at a Level 1 BOP COVID-19 Operational Level,[2] meaning the medical isolation rate at the facility is less than 2 percent and the community transmission rate is less than "100 per 100,000 over the last 7 days."[3] Defendant has not rebutted the presumption that the risk of severe

---

[1] *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited May 15, 2023) (updated daily); *see also* Federal Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited May 15, 2023) (reporting 0 open cases as of May 15, 2023).

[2] Federal Bureau of Prisons, *FMC Fort Worth*, https://www.bop.gov/locations/institutions/ftw (last visited May 15, 2023).

[3] Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*, BOP, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 15, 2023).

5

harm from COVID-19 is not an "extraordinary and compelling" reason post-vaccination. *See United States v. Stone*, No. 16-38, 2022 WL 2483755, at *3 (E.D. Cal. July 6, 2022) ("Although [defendant's] health conditions and age likely put him at risk of severe COVID-19 if he were not vaccinated, he has not cited evidence showing he remains at risk despite his vaccination."); *cf. United States v. Leichleiter*, No. 11-00524, 2021 WL 149371, at *2 (D. Or. Jan. 15, 2021) (recognizing while "[p]risoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life . . . compassionate release is 'rare and extraordinary' and courts routinely deny such claims").

### B. Section 3553(a) Factors

Even if the court were to find extraordinary and compelling reasons support defendant's motion, the court finds the 18 U.S.C. § 3553(a) factors do not support a reduction of sentence. These sentencing factors include, among others, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant" and (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense [and] to protect the public from further crimes of the defendant . . . ." 18 U.S.C. § 3553.

Defendant states he has taken steps towards rehabilitation by working and taking advantage of programs in the facility. Mot. at 21–22; *see id.* Ex. 39. He also argues "he has been determined to be a minimum risk to re-offend." Mot. at 22; *see id.* Ex. 38 (noting "minimum risk recidivism level"). While he acknowledges he has not taken the Sex Offender Treatment Program offered by BOP, defendant represents he is not eligible for the program at this time because he "is not in the last 21 months of his sentence." Mot. at 22.

While the court credits defendant's participation in the various programs the facility offers, the court finds the section 3553(a) factors, taken together and given appropriate weight, do not weigh in favor of a reduction in sentence. Defendant committed a serious crime. He distributed child pornography and sent sexually explicit images and videos to a minor. *See, e.g.*, PSR ¶¶ 13–14.

As the court found before, defendant has not met his burden of showing he would not be a danger to the community if released. Defendant still has not addressed the serious questions raised by his prior conduct and that of his now ex-wife in attempting to recruit a third party, "Person A," to assist with the destruction of evidence. *See* Prior Order at 7; Mot. 23–24. Rather, he passes the blame to Person A and argues Person A lied and made false statements that the Assistant U.S. Attorney knew were false. Mot. at 23. He further implies Person A must have lied about other facts, tainting the evidence against him. *Id.* at 24; *see* Reply at 1.

Defendant also does not propose a plan that sufficiently mitigates the risk of recidivism. *See* Mot. at 22–24. Defendant committed his crime using the internet, which can be accessed by not only computers within the home, but also via handheld devices and tablets. He does not propose the removal of all such technology in his release plan or alternative conditions that would reliably safeguard the community. *See, e.g.*, *United States v. Miezin*, 456 F. Supp. 3d 911, 916 (N.D. Ohio 2020) (denying compassionate release of defendant convicted of receipt and distribution of child pornography, in part because "[i]n today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to . . . eliminate his ability to engage in his prior criminal conduct" outside of custody). Defendant also does not indicate he is prepared to participate in a Sex Offender Treatment Program; rather, he argues he currently is ineligible to participate in the program, with no alternative plan. Mot. at 22. Here, the court is unable to conclude defendant has met his burden of showing he would not be a danger to the community if released.

The court already incorporated a significant reduction below the statutory maximum and the probation office's recommended sentence, *see* PSR at 18–20; Sent'g Statement of Reasons, and finds a further reduction would not reflect the seriousness of defendant's offenses, promote respect for the law and provide just punishment, in line with the § 3553(a) factors. Accordingly, the court finds the 18 U.S.C. § 3553(a) factors do not support defendant's motion.

**IV.   CONCLUSION**

For the reasons above, the court **denies** defendant's motion for a reduction of sentence under 18 U.S.C. § 3582.

1 | This order resolves ECF No. 95.

2 | IT IS SO ORDERED.

3 | DATED: May 15, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE